UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

NORTHFIELD INSURANCE COMPANY,

        Plaintiff,

-against-

CIBOR CONSTRUCTION, INC. and
CHRISTOPHER MASON,

        Defendants.

---------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-3131 (NGG) (SMG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On May 30, 2013, Plaintiff Northfield Insurance Company ("Northfield") commenced this action against Cibor Construction, Inc. ("Cibor") and Christopher Mason (together, "Defendants"). (Compl. (Dkt. 1).) Northfield seeks a declaratory judgment with respect to its obligations to defend and indemnify Cibor in an underlying action in state court initiated by Mason. (See id. ¶ 1.) On November 5, 2014, Northfield and Cibor filed fully-briefed cross-motions for summary judgment.[1] (See Pl.'s Not. of Mot. for Summary J. (Dkt. 30); Cibor's Not. of Cross-Mot. (Dkt. 31).) By Order dated April 7, 2015, the court referred the cross-motions to Chief Magistrate Judge Steven M. Gold for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Apr. 7, 2015, Order.)

On July 23, 2015, Judge Gold issued an R&R recommending that Northfield's motion for summary judgment be granted, and that Cibor's cross-motion for summary judgment be denied. (R&R (Dkt. 42) at 2.) Cibor filed a timely objection to the R&R (Obj. to R&R ("Obj.") (Dkt. 44)), to which Northfield responded (Pl.'s Mem. of Law in Opp'n to Def.'s Objs. to R&R ("Resp.") (Dkt. 45)). For the reasons set forth below, the court ADOPTS IN FULL the R&R.

---

[1] Mason joined in Cibor's cross-motion for summary judgment. (See Decl. of Barry R. Strutt (Dkt. 38).) He has not, however, formally joined in Cibor's objection to Judge Gold's Report and Recommendation.

1

## I. THE R&R

The court assumes familiarity with the underlying factual allegations made in Northfield's Complaint and Cibor's Answer and Counterclaim, and refers to Judge Gold's recitation of the facts in the R&R. (See R&R at 2-5.) In brief, this is a declaratory judgment action concerning Northfield's contractual duties to defend and indemnify Cibor in an underlying state court action brought by Mason against Cibor and others for injuries Mason suffered while performing construction work. Northfield argues on the basis of two separate provisions of its policy insuring Cibor's activities that it does not have a duty to defend or indemnify Cibor: (1) Mason was injured while performing HVAC work, which is not among the types of covered activities listed in the policy, and (2) the policy excludes injuries to persons, like Mason, who are employees of Cibor or any of its subcontractors or sub-subcontractors.

Judge Gold reached only the first issue in the R&R, finding that the policy's classification limitation does not cover HVAC work, and therefore Northfield has no duty to defend or indemnify Cibor in the underlying action. (See id. at 9-12.) Judge Gold explained that the policy declarations list only five types of construction work for which Northfield agreed to provide coverage: "Carpentry – Dwelling," "Carpentry – interior," "Dry Wall or Wallboard Installation," "Painting – interior – buildings or structures – Painting and Decorating," and "Tile, Stone, Marble, Mosaic or Terazzo Work – interior construction." (Id. at 10.) Next, in accordance with New York state law (see id. at 8-9 (explaining legal standard)), Judge Gold examined the allegations in Mason's state court complaint, and concluded that "the allegations of the underlying complaint make clear that the work Mason was doing at the time of his accident falls outside the five classification limitations enumerated in the Northfield policy, and Northfield has no duty to defend or indemnify Cibor in the underlying action" (id. at 11-13).

2

Because Judge Gold's finding on the classification limitation was dispositive of the parties' cross-motions for summary judgment, he did not address whether the policy's exclusion of Cibor employees and others applies to Mason. (See id. at 9 ("Because I conclude that there is no possibility of coverage in light of the classification limitation, I do not address the separate question of whether the employee exclusion also precludes coverage.").) Similarly, because Judge Gold specifically found that Northfield has no duty to defend Cibor—a duty broader in scope than the duty to indemnify[2]—he did not specifically address whether, in the event Northfield does have a duty to defend Cibor, it also has (or does not have) a duty to indemnify Cibor.

## II. CIBOR'S OBJECTIONS

Cibor primarily objects to Judge Gold's conclusion that, based on the allegations in Mason's state court complaint, there is no possibility that the alleged injury is within the scope of the policy's coverage. (See Obj. at 6-10.) Cibor argues that Judge Gold took an overly narrow view of the complaint, ignoring that "[t]here is certainly a reasonable possibility that the HVAC work performed [by Mason] was integral to drywall and/or carpentry work bring performed at the project, and that is sufficient to trigger defense coverage as a matter of law." (Id. at 9.)

Cibor further argues that should the court reject Judge Gold's recommendation on the classification limitation, open issues remain that were not addressed by Judge Gold's R&R:

---

[2] "An insurer has distinct duties to indemnify and to defend its insured. The duty to defend is broader than the duty to indemnify." Atl. Cas. Ins. Co. v. Value Waterproofing, Inc., 918 F. Supp. 2d 243, 252 (S.D.N.Y. 2013), aff'd, 548 F. App'x 716, 717 (2d Cir. 2013) (summary order). "The duty to defend is measured against the allegations of pleadings but the duty to pay is determined by the actual basis for the insured's liability to a third person." Id. (internal quotation marks and citation omitted). "[T]he duty to defend is broader than the duty to indemnify," EAD Metallurgical, Inc. v. Aetna Cas. & Sur. Co., 905 F.2d 8, 11 (2d Cir. 1990), and "[i]t stands to reason, then, if there is no duty to defend, there can be no duty to indemnify," Lewis & Stanzione v. St. Paul Fire & Marine Ins. Co., No. 13-CV-863 (GLS) (RFT), 2015 WL 3795780, at *5 (N.D.N.Y. June 17, 2015) (citing EAD Metallurgical, 905 F.3d at 11).

3

(1) whether the employee exclusion precludes coverage of Mason, and (2) whether, in addition to a duty to defend Cibor, Northfield has a duty to indemnify Cibor. (See id. at 2, 10.)

## III. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. To obtain de novo review, an objecting party "must point out the specific portions of the report and recommendation to which [that party] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002). Portions of an R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

## IV. DISCUSSION

The court now addresses Cibor's objections. Applying de novo review, the court ADOPTS the R&R, and therefore GRANTS Northfield's motion for summary judgment and DENIES Cibor's cross-motion for summary judgment.[3]

Cibor asks the court to infer, based on the allegations in Mason's state court complaint, that there is a reasonable possibility that the HVAC work performed by Mason qualifies as work

---

[3] Northfield argues that Cibor has made certain arguments for the first time in its objection, entitling the objections to only clear error review. (See Resp. at 7-9.) Because Cibor's arguments fail even under de novo review, the court need not reach this issue.

4

in one of the following five categories: "Carpentry – Dwelling," "Carpentry – interior," "Dry Wall or Wallboard Installation," "Painting – interior – buildings or structures – Painting and Decorating," and "Tile, Stone, Marble, Mosaic or Terazzo Work – interior construction." Mason's complaint includes only the following principal allegations related to the accident:

- On or about April 25, 2012, while plaintiff CHRISTOPHER MASON was employed by Yukos Heating and Air Conditioning, he was directed to install heating and air conditioning vents and ducts on the second floor at the Premises. (Verified Compl. (Decl. of Alan C. Eagle (Dkt. 30-2), Ex. D (Dkt. 30-6)) ¶ 17.)

- Upon information and belief, on or about April 25, 2012, in order to perform such work, plaintiff CHRISTOPHER MASON was provided with an 8 [foot] ladder. (Id. ¶ 18.)

- Upon information and belief, on or about April 25, 2012, in order perform [sic] such work, plaintiff was directed to and/or otherwise was required to climb half-way up an 8 [foot] ladder alongside of a co-worker, all the time holding a long section of a 30 [inch] wide duct work to tack up to the ceiling, when the ladder bent, collapsed, and/or otherwise "gave way" causing plaintiff to lose his footing and fall to the floor below. (Id. ¶ 19.)

Cibor also points to the following additional allegations in Mason's complaint:

- Upon information and belief, that all at all relevant times hereinafter mentioned, defendant CIBOR was the subcontractor hired and/or contracted to perform renovation and/or construction work on the Premises. (Id. ¶ 12.)

- Plaintiff, CHRISTOPHER MASON was injured on or about April 25, 2012 when the ladder that he was provided with in order to do renovation, alteration, and/or construction work, bent, collapsed, and/or otherwise "gave way." (Id. ¶ 20.)

The court agrees with Judge Gold: The allegations in Mason's complaint make clear that he was performing HVAC work on the date of the incident, and not work covered by any of the five categories of work in the policy declarations. See, e.g., Atl. Cas. Ins. Co. v. Value Waterproofing, Inc., 918 F. Supp. 2d 243, 257-59 (S.D.N.Y. 2013) (holding that commercial

roofing work performed by insured was outside of the scope of policy's coverage), aff'd, 548 F. App'x 716, 717 (2d Cir. 2013) (summary order); Atl. Cas. Ins. Co. v. C.A.L. Constr. Corp., No. 06-CV-4036 (DLI), 2008 WL 2946060, at *5 (E.D.N.Y. July 30, 2008) (holding that insured's activities could not qualify as "Carpentry-Interior" or "Dry Wall or Wallboard Installation"); Mount Vernon Fire Ins. Co. v. Chios Constr. Corp., No. 94-CV-6107 (SS), 1996 WL 15668, at *2 (S.D.N.Y. Jan. 17, 1996) (Sotomayor, J.) (holding that insurer had no duty to defend or indemnify where "[t]he policy clearly stated that coverage was limited to 'Carpentry–Interior' operations" and injured worker's "state court Complaint contain[ed] no suggestion that his work was even remotely related to interior carpentry"); see also Ruiz v. State Wide Insulation & Constr. Corp., 703 N.Y.S.2d 257, 258 (App. Div. 2000) (holding that insurer properly denied coverage where policy limited coverage to "painting" and workers alleged they were injured by fire caused by roof repairs); Black Bull Constr., LLC v. Indian Harbor Ins. Co., Index No. 150120/2013, 2013 N.Y. Misc. LEXIS 6339, at *2, 17 (Sup. Ct. Dec. 31, 2013) (holding that policy did not apply to accident that occurred when worker was demolishing a chimney with a jackhammer, since "knocking down a concrete chimney with a jackhammer is clearly not carpentry, which usually refers to working with wood").

Cibor argues that the complaint's references to "renovation and/or construction work" could bring Mason's activities within the ambit of the policy declarations, since it is possible that Mason's "renovation" or "construction work" "was reasonably related to or was a support to Cibor's covered work. (Obj. at 7.) As an initial matter, the policy declarations do not include general contracting; accordingly, Cibor's argument that general "renovation" or "construction" work are covered by the policy's specific references to carpentry, dry wall, painting, decorating, and masonry work is a stretch. See, e.g., Value Waterproofing, 918 F. Supp. 2d at 257 (rejecting

insured's argument that specific categories included general classification for all interior construction work); cf. Mount Vernon Fire Ins. Co., 1996 WL 15668, at *1 (noting that insured could have sought coverage for "general contracting," but instead only sought coverage for specific classification of "Carpentry – Interior"). Moreover, under Cibor's framework, a duty to defend would be triggered whenever a complaint stated that a worker was injured while performing a specific task that, although not covered by the specific policy classifications, involved "construction." The complaint clearly alleges that Mason was injured while using a ladder to "install heating and air conditioning vents and ducts on the second floor at the Premises," and although this activity can certainly be construed as "construction," there is no indication in the complaint that it can be construed as carpentry, dry wall, painting, decorating, or masonry. Cf. Northville Indus. Corp. v. Nat'l Union Fire Ins. Co., 679 N.E.2d 1044, 1049 (N.Y. 1997) ("In determining whether the underlying complaint can be read as even potentially bringing the claim within the [relevant] coverage, a court should not attempt to impose the duty to defend on an insurer through a strained, implausible reading of the complaint that is linguistically conceivable but tortured and unreasonable." (internal quotation marks and citation omitted)).

Relying on United States Underwriters Insurance Company v. United Pacific Associates, LLC, No. 05-CV-1012 (JFB) (KAM), 2006 WL 1329756 (E.D.N.Y. May 16, 2006), Cibor argues that summary judgment is improper, as there is a reasonable possibility that the HVAC work was performed "in support of" the categories of work included in the declaration. (See Obj. at 8-9.) In United Pacific, the worker alleged in state court that he was injured as a result of a slip-and-fall caused by the negligent removal or snow and ice on a sidewalk. 2006 WL 1329756, at *1. The general contractor had been hired to construct two residences, and was

responsible for, inter alia, installing windows, balconies, doors, and staircases. Id. at *4. The relevant insurance policy provided coverage for the classifications of "Carpentry" and "Carpentry-Interior." Id. at *3. Denying the insurer's motion for summary judgment, Judge Bianco first held that the terms "Carpentry" and "Carpentry-Interior" "could arguably" cover the types of activities in which the general contractors was engaging, such as the installation of windows, doors, and staircases. Id. at *4 & n.4; cf., e.g., U.S. Underwriters Ins. Co. v. Falcon Constr. Corp., No. 02-CV-4179 (BSJ), 2004 WL 1497563, at *7 (S.D.N.Y. July 1, 2004) (declining to dismiss as a matter of law where "mailbox work being performed in the interior of the building" could possibly qualify as covered task of "Carpentry – Interior"); U.S. Underwriters Ins. Co. v. Falcon Constr. Corp., No. 02-CV-4182 (LTS) (GWG), 2003 WL 22019429, at *7 (S.D.N.Y. Aug. 27, 2003) (declining to dismiss as a matter of law "where removing old doors, framing doorways, and preparing flooring for finishing" could qualify as "Carpentry – Interior"). Second, Judge Bianco held that given the ambiguities in the policy, there was a genuine issue of material fact concerning whether "the removal of snow and ice on the date of the accident was in support of carpentry operations such that coverage was provided under the insurance contract at issue." United Pacific, 2006 WL 1329756, at *5 (footnote omitted).

The court agrees with Judge Gold's analysis: "The types of factual questions that led the Court to deny summary judgment in United Pacific do not arise here." (R&R at 11.) There is a reasonable possibility that the installation of windows, doors, and staircases could overlap with interior carpentry activities. Here, however, there is no reasonable possibility that climbing a ladder to install heating and air conditioning vents overlaps with the activities covered by the policy (such as carpentry, painting, and masonry). Moreover, unlike in United Pacific, where the

court held that removal of snow could reasonably have occurred "in support of" the covered carpentry activities, nothing in Mason's complaint (aside from his use of the generic words "renovation" and "construction") indicates that the HVAC work was performed in furtherance of covered activities. Cf., e.g., Cent. Synagogue v. Hermitage Ins. Co., 828 N.Y.S.2d 538, 539 (App. Div. 2007) (affirming denial of summary judgment where there were unresolved issues of fact concerning whether ramps from which worker fell "were constructed as an incident to the performance of covered operations" of "drywall/wallboard installation").

Northfield has met its burden of showing that it has no duty to defend or indemnify Cibor with respect to Mason's injury that occurred while he was allegedly installing heating and air conditioning vents. Accordingly, the court adopts Judge Gold's recommendation to grant Northfield's motion for summary judgment, and does not reach Cibor's additional contentions concerning (1) whether the employee exclusion precludes or does not preclude coverage, and (2) whether Northfield has a duty to indemnify Cibor. (See R&R at 9.)

## V. CONCLUSION

For the reasons set forth above, the court ADOPTS IN FULL the R&R, GRANTS Northfield's motion for summary judgment, and DENIES Cibor's cross-motion for summary judgment. The Clerk of Court is respectfully directed to enter judgment in Northfield's favor, declaring that Northfield is not obligated to defend or indemnify Cibor for the state court action brought against Cibor by Mason. The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
September 21, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

9